UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRANCE DARNELL GAMBLE,

    Petitioner,

v.

Case No. 1:11-cv-611
Hon. Robert J. Jonker

WILLIE SMITH,

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

Petitioner, Terrance Darnell Gamble, a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254.

**I.    Background**

Petitioner's convictions arose from the murder of Jimmy Buckley. After a jury trial, petitioner was convicted of second degree murder, M.C.L. § 750.317, carrying a concealed weapon, M.C.L. § 750.227, felon in possession of a firearm (felon-in-possession), M.C.L. § 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), M.C.L. § 750.227b. *People v. Gamble*, No. 284824, slip op. at p. 1 (Mich. App. Oct. 22, 2009) (docket no. 23). The circuit court sentenced petitioner as a second habitual offender, M.C.L. § 769.10, to prison terms of 480 months to 840 months for second-degree murder, 30 to 90 months for carrying a concealed weapon, and 30 to 90 months for felon-in-possession. *Id.* He was also sentenced to a consecutive two-year term for felony-firearm. *Id.*

Petitioner, through his counsel, appealed his convictions to the Michigan Court of Appeals raising the following issues:

> I. Mr. Gamble was denied his constitutional right to due process of law due to the prosecutions [sic] failure to introduce sufficient evidence to establish the elements of murder in the second degree beyond a reasonable doubt.
>
> II. Where the evidence of first degree murder was insufficient, defendant is entitled to a new trial where the jury was allowed to consider this charge in violation of due process which substantially decreased defendant's chances of acquittal.
>
> III. The trial court violated Mr. Gamble's right to due process of law by admitting into evidence, over the objection of defense counsel, autopsy photographs of the decadent's [sic] heart after it was taken from his body for measurement causing unfair prejudice due to lack of evidence in this case as well as the lack of probitive [sic] value of the gruesome pictures.

Petitioner's Brief (docket no. 23).

Petitioner also filed a *pro se* supplemental brief that raised the following additional claims (in his words):

> IV. Was defendant denied his Sixth Amendment right to the effective assistance of counsel when trial counsel failed to object to improperly admitted alibi testimony, failed to call res gestae witness and failed to object to the improper closing argument of the prosecutor?
>
> V. Did the prosecuting attorney deny the defendant a fair trial when he abandoned his clear legal duty to protect the rights of the defendant committing plain error resulting in a conviction that is devoid of due process of law under the Fourteenth Amendment?
>
> VI. Did the trial judge abuse her discretion when she denied defendants motion to server the felon in possession charge from the other charges, denying defendant his right to a fair trial?
>
> VII. Was defendant deprived of his XIV Amendment constitutional right to due process when Afro-Americans were excluded from the jury?
>
> VIII. Did the cumulative effect of the errors assigned in the trial deny due process of law and a fair trial under the Fourteenth Amendment, which ultimately resulted in a conviction which is unreliable and suspect?

Petitioner's *Pro Se* Supplemental Brief (docket no. 23). The Michigan Court of Appeals affirmed the convictions. *People v. Gamble*, No. 284824.

It appears that petitioner raised these same eight issues in his *pro se* application for leave to appeal to the Michigan Supreme Court.[1] *See* Application for leave (docket no. 24). The Michigan Supreme Court denied the application. *People v. Gamble*, No. 140190 (Mich. June 11, 2010) (docket no. 24).

After his direct appeal in the state court, petitioner filed a *pro se* petition for habeas relief under § 2254 which raised five issues (in his words):

>   I.   Petitioner's conviction violates due process where insufficient evidence was presented to establish second-degree murder.
>
>   II.  The erroneous admission of prejudicial photograph violated petitioner's due process and fair trial rights.
>
>   III. Petitioner received ineffective assistance of trial counsel in violation of sixth amendment.
>
>   IV.  Prosecutor misconduct denied petitioner his constitutional rights to due process and a fair trial.
>
>   V.   Petitioner was denied a fair trial when the jury was informed of the name and nature of his prior conviction.

Petitioner (docket no. 1).

### II. Exhaustion of state court remedies

Petitioner seeks relief under 28 U.S.C. §2254 which provides that a federal district judge "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the

---

[1] Portions of petitioner's application for leave to appeal to the Michigan Supreme Court are illegible due to the poor copies submitted by respondent.

Constitution or laws or treaties of the United States." Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

In order to properly exhaust a claim in the Michigan courts, a prisoner must fairly present his habeas issues in both the Michigan Court of Appeals and the Michigan Supreme Court. *Hafley*, 902 F.2d at 483; *Winegar v. Department of Corrections*, 435 F. Supp. 285, 289 (W.D. Mich. 1977). Unless a habeas petitioner presents the legal and factual substance of every claim to "all levels of state court review," he may not maintain a habeas corpus petition. *Pillette v. Foltz*, 824 F.2d 494, 496 (6th Cir. 1987).

Here, petitioner has failed to exhaust a prosecutorial misconduct claim raised in Issue IV and the federal constitutional claim raised in Issue V. With respect to Issue IV, one of petitioner's prosecutorial misconduct claims is that "[t]he prosecutor admitted a prejudicial

photograph (i.e., an autopsy photo of the victim's heart) that was not relevant to the case." Petition at p. 11. In his direct appeal, petitioner asserted that the trial judge abused her discretion in admitting the photograph under the state evidentiary rule, MRE 403. *See* Petitioner's Brief at pp 31-35. Petitioner's *pro se* supplemental brief filed on appeal referred to three claims of prosecutorial misconduct: presenting "irrelevant evidence" of a .380 Bursa pistol found in a vehicle owned by Raymond Mitchell; presenting "false testimony" of witness David Ramsey; and vouching for the credibility of witness Alex Love during closing argument. However, that brief did not include a claim of misconduct arising from the admission of the autopsy photograph and the Michigan Court of Appeals did not address such a claim. *See* Petitioner's *Pro Se* Supplemental Brief at pp. 9-19; *People v. Gamble*, No. 284824, slip op. at pp. 6-7. Accordingly, that portion of Issue IV alleging prosecutorial misconduct related to the admission of the autopsy photograph is unexhausted.

With respect to Issue V, petitioner claims that he "was denied a fair trial when the jury was informed of the name and nature of his prior felony conviction." Petition at p. 16. However, petitioner's *pro se* supplemental brief did not raise any type of federal claim, such as a violation of due process. Rather, petitioner's brief contested the evidence of his prior felony conviction on state law grounds, claiming that the trial judge abused her discretion when she denied defense counsel's motion to sever the felon-in-possession charge from the other charges. *See* Petitioner's *Pro Se* Supplemental Brief at p. 20. While petitioner cited some federal cases in his *pro se* supplemental brief, those cases involved a procedural question of whether a federal district court judge abused his or her discretion in admitting evidence of a defendant's other bad acts under the applicable court rule, Fed. R. Evid. 403. *Id.* at pp. 20-23. Based on the issue presented and briefed, the Michigan Court of Appeals properly addressed this issue as a matter of state law, i.e., whether the trial court abused its discretion in denying the motion to sever the felon-in-possession charge for a separate trial under

the state procedural rule, MCR 6.120(B) and (C). *See People v. Gamble*, No. 284824, slip op. at pp. 7-8. Accordingly, the claims raised in petitioner's Issue V are not exhausted.

As a general rule, a habeas petition containing unexhausted claims should be dismissed without prejudice. *See Rose v. Lundy*, 455 U.S. 509, 518-20 (1982). However, this Court has the discretion to employ a "stay and abeyance" procedure, in which the Court stays a habeas petition to allow the petitioner to present his unexhausted claims to the state court, and then return to federal court. *See Poindexter v. Mitchell*, 454 F.3d 564, 570 n. 2 (6th Cir. 2006). A district court may employ the "stay and abeyance" procedure when the petitioner has filed a "mixed petition," i.e., a petition raising both exhausted and unexhausted claims. *Rhines v. Weber*, 544 U.S. 268, 277 (2005). The Supreme Court has cautioned that federal courts should utilize the stay and abeyance procedure in limited circumstances. *Id*. "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.*

Petitioner has at least one available procedure to raise these arguments in state court by filing a motion for relief from judgment pursuant MCR 6.500 *et. seq*. Under Michigan law, he may file one such motion with the state trial court. *See* MCR 6.502(G)(1). However, in this case, petitioner has not demonstrated good cause for his failure to exhaust these new claims in state court. The undersigned finds no reason to apply the stay and abeyance procedure *sua sponte*. Nevertheless, the Supreme Court instructs that "if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire

petition would unreasonably impair the petitioner's right to obtain federal relief." *Rhines*, 544 U.S. at 278.

### III.    Recommendation

I respectfully recommend that petitioner's habeas petition be dismissed without prejudice.

I further recommend that petitioner be allowed to file an amended petition within 30 days of the dismissal which deletes the unexhausted prosecutorial misconduct claim set forth in Issue IV and all claims set forth in Issue V of his petition.  Rule 8, Rules Governing § 2254 Cases in the United States District Courts.


Dated:  July 7, 2014                            /s/ Hugh W. Brenneman, Jr.
                                                HUGH W. BRENNEMAN, JR.
                                                United States Magistrate Judge



ANY OBJECTIONS to this Amended Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).